UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT SMITH,

        Petitioner,         Case Number: 05-CV-72971

v.         Honorable George Caram Steeh

KURT JONES,

        Respondent.
_____/

## ORDER GRANTING (1) RESPONDENT'S MOTION FOR STAY PENDING APPEAL, AND GRANTING (2) PETITIONER'S MOTION FOR BOND

This is a habeas corpus case pursuant to 28 U.S.C. § 2254. In his habeas petition, Brent Smith ("Petitioner") challenged the constitutionality of his 2001 convictions for second-degree criminal sexual conduct. On September 25, 2007, this Court issued an Opinion and Order Conditionally Granting Petitioner's Petition for Writ of Habeas Corpus. In that Opinion and Order, the Court ordered that, unless the state court scheduled a new trial within ninety (90) days, Petitioner must be unconditionally released. Now before the Court are (1) Respondent's "Motion For Stay Pending Appeal" (Docket # 32), and (2) Petitioner's "Motion for Release Pending Appeal." (Docket # 33.)

## I. Background

The Court granted Petitioner a Conditional Writ on the grounds of prosecutorial misconduct and ineffective assistance of counsel. The Court held that the prosecutor's conduct was improper in the following manner: (1) the prosecutor's closing and rebuttal arguments were inappropriate and inflammatory; (2) the prosecutor did appeal to the fears and the emotion of individual jurors, (3) the prosecutor again and again expressed her personal opinion about the case, and (4) the prosecutor made a direct appeal to the emotions of the jury by personally attacking defense counsel. The Court also found that Petitioner's counsel was ineffective in failing to object to the prosecutor's misconduct, and that Petitioner was prejudiced by those errors. The Conditional Writ provided that unless a date for a new trial was scheduled within ninety (90) days, Petitioner must be unconditionally released.

Respondent has moved to stay the Court's Conditional Writ pending appeal. Petitioner opposes that motion and moves for immediate release on bail.

## II. Analysis

### A. Motion for Stay Pending Appeal and Motion for Release Pending Appeal

In deciding whether to stay an order granting habeas corpus relief pending appeal, a federal court should consider the following factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
>
> (2) whether the applicant will be irreparably injured absent a stay;
>
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
>
> (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The court may also consider the risk that a petitioner may pose a danger to the public if released. *Hilton*, 481 U.S. at 777. Also to be considered is the state's interest in "continuing custody and rehabilitation pending a final determination of the case on appeal . . . ; it will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served." *Id.* The ultimate determination "may depend to a large extent upon determination of the State's prospects of success in its appeal." *Id.* Where the state establishes a strong likelihood of success on the merits, or demonstrates a substantial case on the merits, continued custody is permissible if the State will be irreparably injured absent a stay and the public interest counsels in favor of a stay. *Id.* at 778. Where the state fails to make such a showing, the stay should be denied. *Id.*

In addition, Federal Rule of Appellate Procedure 23(c) provides that, "[w]hile a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety." Fed.R.App.P. 23(c). The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton,* 481 U.S. at 774. That presumption, however, may be overcome in the district court judge's discretion. *Id.* Against that backdrop, the Court proceeds to its analysis.

Under the first *Hilton* factor, the Court must consider whether the State has made a strong showing that it is likely to succeed on the merits. Respondent acknowledges in his motion for stay that there is a presumption for release of a successful prisoner pending an appeal of the

district court's order. Respondent concedes that the state's case for a stay is "weakest where there is little of the sentence remaining to be served." *Hilton*, 481 U.S. at 777. The Court agrees with Petitioner in that he has served more than his minimum sentence at this point in time. Petitioner earliest release date was September 15, 2005. At present, Petitioner has served two years beyond his minimum sentence. The Court finds Respondent's arguments on that issue unpersuasive.

Respondent next argues that Petitioner is dangerous because there were two other women who testified against him. However, neither of those women ever sought to prosecute Petitioner. The first woman to complain about Petitioner to the Berkley Police never took any legal action. The second woman, a drunk driving arrest, never complained to the police, sought a prosecution or sued, until *after this prosecution* was brought. The Court is not convinced by Respondent's arguments that Petitioner is a danger to the public.

Regarding Respondent's remaining arguments attempting to show a likelihood of success on appeal, the Court finds those arguments to amount to nothing but re-arguments of the issues without any new analysis or case citation.

Second, the Court must consider whether the State will be irreparably injured absent a stay. Respondent argues it would suffer irreparable injury absent a stay because: (1) the State has a clear and obvious interest in continuing custody of Petitioner; and (2) Petitioner's release would pose a real and substantial danger to the public.

The State does not have a defensible interest in the continued incarceration of someone whose conviction was obtained in violation of his constitutional rights to a fair trial and effective counsel. In addition, as the Court found in the opinion granting a conditional writ, Petitioner

presents compelling arguments of prosecutorial misconduct and ineffective assistance of counsel. The Court also finds that it would be a waste of judicial resources for the appeal to proceed in the Sixth Circuit Court of Appeals, while simultaneously requiring the State to retry Petitioner.

Third, the Court must consider whether issuance of a stay will substantially injure Petitioner. Issuance of a stay without also releasing Petitioner on bond will substantially injure Petitioner. Petitioner would suffer irreparable harm each day he remains imprisoned pursuant to a conviction rendered in violation of the United States Constitution. *See Burdine v. Johnson*, 87 F. Supp. 2d 711, 717 (S.D. Tex. 2000) (remedying a prisoner's confinement in violation of the Constitution "is the very essence of the writ of habeas corpus"). Respondent's appeal to the Court of Appeals for the Sixth Circuit could take twelve to eighteen months to be resolved. This would be an unconscionably extended period of time for Petitioner to be incarcerated pursuant to a conviction which this Court has held was rendered in violation of Petitioner's constitutional right; his rights to a fair trial and to the effective assistance of counsel.

Finally, the fourth *Hilton* factor requires consideration of where the public interest lies. The public has a dual and sometimes competing interest in the State's sentences being enforced and in the State not incarcerating individuals in violation of the United States Constitution. The public also has an interest in being protected from dangerous individuals.

In this case, the public's interest in having the State's judgments and sentences enforced is overridden by this Court's conclusion that Petitioner's sentence was imposed in violation of his rights to a fair trial, specifically regarding the prosecutor's misconduct and his counsel's failure to object to that conduct, thus rendering his counsel ineffective.

Furthermore, Petitioner has been incarcerated since October 2001. From Petitioner's record, it appears that Petitioner's record while incarcerated is unblemished. Petitioner has received the highest scores on Prisoner Program and Work Assignment Evaluations, and all the comments on those documents indicate that he is a stellar worker and has made exemplary contributions. Additionally, Petitioner enrolled in the Master of Science in Administration Program at Central Michigan University. He has completed four graduate courses, earning an "A" in each course. Against that backdrop, the Court finds that Petitioner presents no significant concern regarding his ability to be released into the community without posing a threat to others.

Further, Petitioner has been informed of the risks of being released. First, should the Court of Appeals reverse the Court's decision, he will have to return to prison. Second, even if the Sixth Circuit affirms the Court's decision, the State may opt to retry Petitioner and he may again be convicted and have to return to prison.

In sum, Petitioner has an unassailable right not to be incarcerated pursuant to a constitutionally infirm conviction. At the same time, Respondent has an interest in not wasting State and judicial resources by simultaneously pursuing an appeal in the Court of Appeals and re-prosecuting Petitioner in state court. The Court therefore finds that these competing interests are best reconciled by granting Respondent's Motion for Stay Pending Appeal and granting Petitioner's request for release on bond pursuant to conditions to be established following an investigation and recommendation by United States Pretrial Services Agency.

## III. Conclusion

Accordingly, **IT IS ORDERED** that Respondent's Motion for Stay Pending Appeal is **GRANTED** and this Court's Opinion and Order Conditionally Granting Petition for Writ of Habeas Corpus is **STAYED PENDING DISPOSITION OF APPEAL** in the United States Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that, if the Sixth Circuit Court of Appeals affirms this Court's judgment granting a writ of habeas corpus, the stay shall automatically be lifted and the State must schedule a new trial within **NINETY DAYS** of the disposition of the appeal or Petitioner shall be unconditionally released.

**IT IS FURTHER ORDERED** that Petitioner's request for release on bond is **GRANTED**. This matter shall be referred to the United States Pretrial Services Agency for its investigation and recommendation in relation to the appropriate conditions for Petitioner's release.

**SO ORDERED**.

Dated: November 15, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 15, 2007, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---