UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENT SMITH,

                     Petitioner,                                Case Number: 05-CV-72971

v.                                               Honorable George Caram Steeh

KURT JONES,

                     Respondent.

_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO REVOKE PETITIONER'S BOND AND REOPENING THE CASE

This matter is before the Court on Respondent Kurt Jones's motion to revoke Petitioner Brent Smith's bond.  (Dkt. # 50.)  For the reasons that follow, the Court will **DENY** Respondent's motion and will reopen the case pursuant to the Sixth Circuit's Order to remand.

### I.  Procedural History

In his habeas petition, Smith challenged the constitutionality of his 2001 convictions for second-degree criminal sexual conduct.  On September 25, 2007, this Court issued an Opinion and Order Conditionally Granting Smith's Petition for Writ of Habeas Corpus.  *Smith v. Jones*, No. 05-CV-72971 (E.D. Mich. Sept. 25, 2007).  The Court granted the Conditional Writ on the grounds of prosecutorial misconduct and ineffective assistance of counsel.  The Court held that the prosecutor's conduct was improper in the following manner: (1) the prosecutor's closing and rebuttal arguments were inappropriate and inflammatory; (2) the prosecutor did appeal to the fears and the emotion of individual jurors, (3) the prosecutor again and again expressed her personal opinion about the case, and (4) the prosecutor made a direct appeal to the emotions of the jury by personally attacking defense counsel.  The Court also found that Smith's counsel was ineffective in failing to object to

the prosecutor's misconduct, and that he was prejudiced by those errors.  The Conditional Writ

provided that unless a date for a new trial was scheduled within ninety (90) days, Smith must be

unconditionally released.  Smith was released on bond, under Federal Rule of Appellate Procedure

23(c), pending Respondent's appeal of the decision granting the Habeas Petition.  (Dkt. # 37.)

On appeal, the Sixth Circuit Court of Appeals reversed this Court's grant of Smith's Habeas

Petition.  *Smith v. Jones*, No. 07-2275 (6th Cir. Apr. 10, 2009) (Cole, J., concurring).  The Sixth

Circuit found that Smith could not show cause and prejudice to excuse procedural default of his

prosecutorial misconduct claims and his ineffective assistance of counsel claims were without merit.

The Court of Appeals remanded the case to this Court for consideration of Smith's remaining claims,

insufficient evidence, violation of the Confrontation Clause, and cumulative error, which this Court

had not considered because it granted the Conditional Writ on the basis of prosecutorial misconduct

and ineffective assistance of counsel.

## II. Analysis

This Court previously released Smith from prison under Federal Rule of Appellate Procedure

23(c), which permits the release of a prisoner while a decision ordering the release of the prisoner

is under review.  As a decision ordering the release of Smith is no longer under review,

Fed.R.App.P. 23(c) no longer allows for Smith's release from prison.  Nevertheless, federal district

courts have the inherent authority to grant bond to a habeas petitioner while it considers the merits

of his claims.  *See Nash v. Berlin*, 437 F.3d 519, 526 n. 10 (6th Cir. 2006).  The *Nash* Court stated:

> [T]he district court has inherent authority to grant Nash bail while it reconsiders his
> petition with the benefit of the full trial record.  *See Landano v. Rafferty*, 970 F.2d
> 1230, 1239 (3d Cir. 1992) (citing *In re Shuttlesworth*, 369 U.S. 35, 35, 82 S.Ct. 551,
> 7 L.Ed.2d 548 (1962) (*per curiam*) (for the proposition "that after petitioner seeks
> bail from state court, district court should 'proceed to hear and determine the cause,
> including any application for bail pending that court's final disposition of the

matter'""); *In re Wainwright*, 518 F.2d 173, 174 (5th Cir. 1975) (*per curiam*) ("In spite of the lack of specific statutory authorization, it is within the inherent power of a District Court of the United States to enlarge a state prisoner on bond pending . . . . decision on his application for a writ of habeas corpus.")); *see also Lee v. Jabe*, 989 F.2d 869 (6th Cir. 1993) (reviewing a district court's denial of bail pending the district court's consideration of a habeas petition).  The district court may release petitioners on bail if there is a "substantial claim of law" and "the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.' "  *Lee*, 989 F.2d at 871 (quoting *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964) (Douglas, J., in chambers)).  We leave it to the district court to exercise its discretion in the first instance with regard to this issue.

*See also Puertas v. Overton*, 272 F.Supp2d 621 (E.D. Mich. 2003).

In order to receive bail pending the district court's decision on the merits of the habeas application, a prisoner must show both that the petition contains a substantial claim of law and the existence of some circumstances that make the motion for bail exceptional and deserving of special treatment in the interests of justice.  *See Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *c.f. Hilton v. Braunskill*, 481 U.S. 770, 774 (1987) ("Rule 23(c) undoubtedly creates a presumption of release from custody.").

Smith argues that his bond should not be revoked because (1) he has complied with all the conditions of his bond, (2) he is not a danger to anyone or a threat to the community, (3) he has served more than his minimum sentence already, (4) he still has unresolved claims to be decided by this Court, and (5) he is filing a petition for certiorari with the United States Supreme Court.  The Court agrees.

The Court finds reasonable jurists could conclude the opinion by the Sixth Circuit in this case directly conflicts with the Sixth Circuit's decision in *Fleming v. Metrish*, 556 F.3d 520 (6th Cir. 2009), as to whether plain-error review of a claim by the Michigan Court of Appeals was a review on the merits, or whether plain-error review was a finding that a claim has been procedurally

3

defaulted under the AEDPA.  The Court also finds that the circuits are in conflict regarding that

issue.  The Second, Eighth, Ninth, and Tenth Circuits have followed the reasoning of *Fleming v.*

*Metrish*, and have held that plain-error review is a review of the merits of the claim presented.

*Cargle v. Mullin*, 317 F.3d 1196, 1207 (10th Cir. 2003); *Simmons v. Taylor*, 195 F.3d 346 (8th Cir.

1999), *cert. denied*, 528 U.S. 1194 (2000); *Walker v. Endell*, 850 F.2d 470, 474 (9th Cir. 1987), *cert.*

*denied*, 488 U.S. 926 (1988); *Roy v. Coxon*, 907 F.2d 385, 390 (2nd Cir. 1990).  The Seventh Circuit

and another panel of the Eighth Circuit have held that plain-error review constitutes a finding of

procedural default.  *Thomas v. Gilmore*, 144 F.3d 513, 518 (7th Cir. 1998) *cert. denied*, 525 U.S.

1123 (1999); *Sweet v. Delo*, 125 F.3d 1144 (8th Cir. 1997), *cert. denied*, 523 U.S. 1010 (1998).

　　　Against that backdrop, the Court exercises its discretion and concludes, in the interests of

justice, that Smith has demonstrated a substantial claim of law and special circumstances so as to

justify continuing his bond; Smith has complied with the conditions of his bond and has served more

than his minimum sentence; there are remaining claims to be disposed of by this Court, and Smith

has a valid claim for a petition for certiorari to the Untied States Supreme Court.  Moreover, the

Court finds that Smith's insufficient evidence claim is meritorious. The Court therefore concludes

that Smith is entitled to bond because he has  shown the existence of exceptional circumstances. *See*

*Dotson*, 900 F.2d at 79.

4

### III.  Conclusion

Accordingly, **IT IS ORDERED** that Respondent's motion to revoke Smith's bond is

**DENIED**.  Smith's bond is thereby **CONTINUED**.

    **IT IS FURTHER ORDERED** that the Clerk of Court **REOPEN** this case.

    **SO ORDERED**.


Dated:  September 9, 2009

        S/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 9, 2009, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---