**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BRENT SMITH, #378386,

               Petitioner,

v.                                                            Case Number: 05-CV-72971
                                                            Honorable George Caram Steeh

KURT JONES,

               Respondent.
_____/

**OPINION AND ORDER ON REMAND
DENYING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on remand from the United States Court of Appeals for the Sixth Circuit. Petitioner Brent Smith, presently confined at the Charles Egeler Reception and Guidance Center in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated, the petition will be denied. The Court also declines to issue a certificate of appealability and leave to proceed on appeal *in forma pauperis*.

**I. BACKGROUND**

Petitioner originally filed an application for writ of habeas corpus with this Court on July 29, 2005.[1] In his application, Smith challenged his convictions for three counts of criminal sexual conduct in the second degree. He was sentenced on each count to a minimum of four years, and a maximum of fifteen years, the sentences to run concurrently. Smith raised the following five claims

---

[1]Petitioner was incarcerated at the Boyer Road Correctional Facility in Carson City, Michigan when he originally filed this petition. The proper respondent in a habeas case is the habeas petitioner's custodian, which in the case of an incarcerated petitioner is the warden of the facility where the petitioner is incarcerated. Rule 2(a) of the Rule Governing § 2254 Cases; *see also Edwards v. Johns*, 450 F.Supp.2d 755, 757 (E.D. Mich. 2006). In most cases, the Court would order an amendment of the case caption. However, because the Court is denying the petition in this case, it finds no reason to do so.

in his petition: (1) prosecutorial misconduct, (2) ineffective assistance of counsel, (3) insufficient evidence, (4) improper admission of hearsay testimony, and (5) cumulative errors.

On September 25, 2007, this Court granted Smith a conditional writ of habeas corpus on his prosecutorial-misconduct and ineffective-assistance-of-counsel claims. *Smith v. Jones,* No. 05-CV-72971, 2007 WL 2873931 (E.D. Mich. Sept. 25, 2007). Because this Court granted Smith habeas relief on those claims, the Court believed it unnecessary to address Smith's remaining three claims.

On April 10, 2009, the United States Court of Appeals for the Sixth Circuit reversed this Court's conditional grant of the writ and remanded the matter for further proceedings. *Smith v. Jones,* 326 Fed.App'x 324 (6th Cir. 2009), *cert. denied* --- S.Ct. --- (2010). On remand, this Court will address Smith's remaining claims.[2]

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs habeas corpus review of state court decisions. 28 U.S.C. § 2254(d) states in pertinent part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceedings.

---

[2] This Court adopts the statement of facts from Smith's case as recited in its original opinion and order granting habeas relief. *Smith v. Jones,* No. 05-CV-72971, 2007 WL 2873931 (E.D. Mich. Sept. 25, 2007). Those facts were essentially adopted by the Sixth Circuit in its opinion as well. *Smith v. Jones,* 326 Fed.App'x at 325.

Under the "contrary to" clause of § 2254(d)(1), a federal court may grant a writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has decided an issue on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas relief if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts. *Id.* at 407-08. Relief is also available if the state-court decision unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id.* at 407; *Arnett v. Jackson*, 393 F.3d 681, 686 (6th Cir. 2005). The proper inquiry for the "unreasonable application" analysis is whether the state-court decision was "objectively unreasonable." *Williams*, 529 U.S. at 407; *Lordi v. Ishee*, 384 F.3d 189, 195 (6th Cir. 2004).

In analyzing whether a state-court decision is "contrary to" or an "unreasonable application" of clearly established Supreme Court precedent, a federal court may only look to the holdings, as opposed to dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *Williams*, 529 U.S. at 412.

With that standard in mind, the Court proceeds to the merits of the petition for a writ of habeas corpus.

### III. DISCUSSION

#### A. Claim III–Great Weight of the Evidence

In his third claim, Smith alleges that his conviction is against the great weight of the evidence and not supported by sufficient evidence. The Michigan Court of Appeals in addressing this claim stated:

> Defendant next asserts that his convictions were based on insufficient evidence and were against the great weight of the evidence. He reasons that, even if Sargent is believed, he engaged in a consent search that was not a strip search or a body cavity search, and he therefore cannot be convicted of CSC. Defendant argues "appellant can find no reported case where a police officer was convicted of a crime because the scope of a consent search allegedly exceeded proper bounds."
>
> This Court reviews de novo a claim of insufficient evidence, and reviews for an abuse of discretion a trial court's ruling on a motion for new trial based on a great weight of the evidence claim. *People v. Lueth*, 253 Mich.App 670, 680; 660 NW2d 322 (2002). "When reviewing a challenge to the sufficiency of the evidence, appellate courts examine the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt." *People v. Kelly*, 231 Mich.App 627, 641; 588 NW2d 480 (1998).
>
> Defendant's claim is founded on the inaccurate premise that the record unequivocally supports that Sargent consented to the second search. As discussed above, Sargent's testimony did not support that she consented to the search defendant actually executed, nor did defendant pursue consent as a defense below. We thus reject defendant's argument that because there was consent, there cannot be CSC, although the search may have exceeded proper bounds.

*Smith v. Jones*, No. 238005, 2003 WL 22301047, at * 14 (Mich.Ct.App. Oct. 7, 2003).

The Court concludes that this claim is not cognizable on habeas review. It is well established that habeas review is not available to correct errors of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Jackson v. Ylst*, 921 F.2d 882, 885 (9th Cir. 1990) (a federal court on habeas review "ha[s] no authority to review a state's application of its own laws."). The federal constitution requires only that the evidence be sufficient to sustain the conviction under the standard established in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Where the evidence is sufficient as a matter of due process, a claim that the verdict was against the weight of the evidence presents a state law issue which is not cognizable on habeas review. *See Douglas v. Hendricks*, 236 F.Supp.2d 412, 435-36 (D.N.J. 2002); *Dell v. Straub*, 194 F.Supp.2d 629, 648 (E.D. Mich.2002); *Correa v. Duncan*, 172 F.Supp.2d 378, 381 (E.D.N.Y. 2001); *cf. Tibbs v.*

*Florida*, 457 U.S. 31, 44 (1982) (noting in a different context that "trial and appellate judges commonly distinguish between weight and sufficiency of the evidence."). In short, "[a] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight of the evidence.'" *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985).

Thus, the only question here is whether the evidence was constitutionally sufficient to prove all the elements of the offense for which petitioner was convicted beyond a reasonable doubt.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364 (1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). Reviewing courts must view the evidence, draw inferences and resolve conflicting inferences from the record in favor of the prosecution. *See Neal v. Morris*, 972 F.2d 675, 678 (6th Cir. 1992). In determining the sufficiency of the evidence, the court must give circumstantial evidence the same weight as direct evidence. *See United States v. Farley*, 2 F.3d 645, 650 (6th Cir. 1993). However, under the amended version § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision. Thus, the question here is whether the Michigan Court of Appeals's application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200 (7th Cir.1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 522 U.S. 801 (1998); *Restrepo v. DiPaolo*, 1 F.Supp.2d 103, 106 (D.Mass. 1998).

While a challenge to the sufficiency of the evidence on an established element of an offense

raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson*, 443 U.S. at 324, "[t]he applicability of the reasonable doubt standard. . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n. 12 (1977); *see also, Jackson*, 443 U.S. at 324 n. 16; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). Thus, "[a] federal court must look to state law to determine the elements of the crime." *Quartararo v. Hanslmaier*, 186 F.3d 91, 97 (2d Cir. 1999).

Under Michigan law, Mich.Comp. Laws § 750.520c, "[a] person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person . . . " and "sexual conduct occurs under circumstances involving the commission of any other felony." In this case, the trial court found that there was sufficient evidence of force and coercion under the circumstances, that defendant separated the complainant from her male companion and put her in the back seat of the patrol car, where he then performed an improper search that violated departmental policy and was unreasonable under the Fourth Amendment, and, at the time of the search, he had the power to determine whether charges would be brought against the complainant.

Against that backdrop, the Court concludes that the record supports the state courts' adjudication and that Smith has failed to establish that those adjudications were either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. He is therefore not entitled to habeas relief on this claim.

### B. Claim IV–Improper Admission of Hearsay Testimony

In his fourth habeas claim, Smith alleges that his constitutional rights were violated when the prosecutor elicited testimony about a crying secretary to buttress the credibility of Kristin Oliver. He claims that the secretary's behavior was hearsay and that the testimony deprived him of his right to cross-exam and confront the secretary. In addressing this issue, the Michigan Court of Appeals found the trial court did not err in denying Smith's motion for a new trial. The trial court concluded that, although non-verbal conduct could constitute, the testimony about the crying secretary was not offered to prove the truth of the matter asserted, but rather, to show what the officer did as result. Also, it appears from the record, that this testimony was limited at the time of its admission. The state court's denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

As an initial matter, the Court notes that alleged trial court errors in the application of state evidentiary law are generally not cognizable as grounds for federal habeas relief. *See Estelle*, 502 U.S. at 67-68; *Serra v. Michigan Dep't of Corrs.*, 4 F.3d 1348, 1354 (6th Cir. 1993). Only when an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness," may it violate due process and warrant habeas relief. *See Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). To the extent that Smith asserts that the trial court erred in admitting the statement under the Michigan Rules of Evidence, he merely alleges a violation of state law which does not entitle him to federal habeas relief. *See*, e.g., *Wheeler v. Jones*, 59 F. App'x 23, 28 (6th Cir. 2003). State courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See*, e.g., *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987).

Moreover, Smith is not entitled to relief on his claim that the admission of the evidence violated his confrontation rights. The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the

witnesses against him . . . ." U.S. Const. amend. VI. The Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against him. *See Davis v. Alaska*, 415 U.S. 308, 315 (1973). The Confrontation Clause is not violated, however, when a declarant who made challenged hearsay statements testifies at trial and is available for the defendant to confront. *See Nelson v. O'Neil*, 402 U.S. 622, 626-27, 629-30 (1971); *California v. Green*, 399 U.S. 149, 161 (1970) ("none of our decisions interpreting the Confrontation Clause requires excluding the out-of-court statements of a witness who is available and testifying at trial"). Furthermore, the Supreme Court has made clear that the Confrontation Clause is not implicated, and need not be considered, when non-testimonial hearsay is at issue. *See Davis v. Washington*, 547 U.S. 813, 823-24 (2006); *see also Whorton v. Bockting*, 549 U.S. 406, 420 (2007) (noting that the Confrontation Clause "has no application to such statements and therefore permits their admission even if they lack indicia of reliability"); *Doan v. Carter*, 548 U.S. 449, 458 (6th Cir. 2008); *United States v. Arnold*, 486 F.3d 177, 192-93 (6th Cir. 2007) (en banc).

Here, Smith has not shown that the admission of the challenged testimony violated his confrontation rights or otherwise rendered his trial fundamentally unfair. The Court of Appeals correctly determined that the testimony about the crying secretary was not offered tom prove the truth of the matter asserted, but rather, to show what the officer did as a result. The admission of that testimony was not improper under state or federal law. Smith is therefore not entitled to habeas relief regarding this claim.

### C. Claim V–Cumulative Error

In his fifth habeas claim, Smith asserts that he is entitled to habeas relief based upon the cumulative effect of the alleged errors at trial. The Michigan Court of Appeals rejected this claim. That decision is neither contrary to Supreme Court precedent nor an unreasonable application

thereof. Smith cannot establish that he is entitled to habeas relief based upon cumulative error because he has failed to demonstrate an underlying constitutional violation. *See Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006). Moreover, the Sixth Circuit has noted that the Supreme Court "has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). Habeas relief is therefore not warranted on this claim.

### IV. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the conditional writ of habeas corpus originally granted on September 25, 2007, by this Court is **DISSOLVED** and the remaining claims contained in the petition for writ of habeas corpus are **DISMISSED WITH PREJUDICE**.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed.R.App.P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that. . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. When a court rejects a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct

in its procedural ruling. *Slack*, 529 U.S. at 484-85.

Having considered the matter, the Court concludes that reasonable jurists would not find the Court's assessments of Smith's claims debatable or wrong. The Court therefore concludes that Smith has failed to make a substantial showing of the denial of a constitutional right as to his remaining habeas claims. Accordingly, the Court **DECLINES** to issue Smith a certificate of appealability and leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous. *See* Fed.R.App.P. 24(a).


Dated: May 3, 2010

                                         S/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 3, 2010, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk