# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRENT SMITH, #378386,

        Petitioner,

v.                                                            Case Number: 05-CV-72971
                                                                             Honorable George Caram Steeh

KURT JONES,

        Respondent.

_____/

**OPINION AND ORDER (1) GRANTING MOTION TO ALTER OR AMEND JUDGMENT AND FOR AMENDED AND ADDITIONAL FINDINGS, (2) DENYING PETITIONER'S REMAINING HABEAS CLAIMS, (3) DENYING MOTION FOR NEW TRIAL, (4) GRANTING MOTION TO WITHDRAW ATTORNEY AND DENYING REQUEST TO APPOINT COUNSEL, AND (5) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY AND DENYING AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

On September 25, 2007, this Court granted Petitioner Brent Smith a conditional writ of habeas corpus regarding his prosecutorial misconduct claim and his ineffective assistance of counsel claim for failing to object to the prosecutorial misconduct. *Smith v. Jones*, No. 05-CV-72971, 2007 WL 2873931 (E.D. Mich. Sept. 25, 2007). On April 10, 2009, the United States Court of Appeals for the Sixth Circuit reversed and remanded the case for consideration of Smith's remaining issues. *Smith v. Jones*, 326 Fed.App'x 324 (6th Cir. 2009). On February 22, 2010, the United States Supreme Court denied his petition for a writ of certiorari. *Smith v. Jones*, 130 S.Ct. 1502 (2010).

On May 3, 2010, on remand, this Court denied Smith's habeas petition. In its opinion, the Court addressed the following claims: (1) great weight of the evidence, (2) improper admission of hearsay testimony, and (3) cumulative error. *Smith v. Jones*, No. 05-CV-72971, 2010 WL 1782238 (E.D. Mich. May 3, 2010). In that opinion, the Court also declined to issue Smith a certificate of appealability and denied him an application for leave to proceed on appeal *in forma pauperis*.

Pending before the Court are Smith's following motions, which were filed on May 26, 2010: (1) "Motion for New Trial, for Relief from Judgment, and for Additional Findings" [dkt. # 60], and (2) "Motion to Withdraw as Attorney for Petitioner and for Appointment of Counsel" [dkt. # 61].

For the reasons stated below, the Court will grant the motion to alter or amend the judgment and for additional findings and will deny Smith's remaining ineffective assistance of claims. The Court will also deny his motion for a new trial. The Court will grant Smith's motion to withdraw his attorney but will deny his request for the appointment of counsel. The Court will also decline to issue Smith a certificate of appealability and will deny him an application for leave to proceed on appeal *in forma pauperis*.

## I. DISCUSSION

Federal Rule of Civil Procedure 59(e) authorizes a district court to "alter or amend a judgment" in the case of a clear error of law, newly discovered evidence, an intervening change in controlling law, or manifest justice. *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A motion to alter or amend a judgment brought by a habeas petitioner under Rule 59(e) may be analyzed properly as a motion for reconsideration brought under Local Rule 7.1 of the Eastern District of Michigan. *See Hence v. Smith*, 49 F.Supp.2d 547, 550 (E.D. Mich. 1999). Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Michigan Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D. Mich. 2002) (citations omitted). Smith filed his motion

2

in a timely manner.

Rule 52(b) grants the district court discretion that, upon a party's motion, the court "may amend its findings–or make additional findings–and may amend the judgment accordingly." Fed.R.Civ.P. 52(b).

In its May 3, 2010, opinion and order, the Court did not address the following ineffective assistance of counsel claims: (1) defense counsel failed to adequately voir dire the jurors, (2) defense counsel failed to object to improper rebuttal argument, (3) defense counsel failed to request an instruction on a police officer's authority to search, and (4) defense counsel failed to object to opinions regarding Smith's guilt. The Court therefore reviews the opinion and order and now addresses Smith's remaining ineffective assistance of counsel claims.

### A. Ineffective Assistance of Counsel Claims

Smith's remaining ineffective assistance of counsel claims are subject to analysis under *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on his claims, Smith must show that the state court's conclusion regarding his claims was contrary to, or an unreasonable application of, *Strickland*. *Cathron v. Jones*, 190 F.Supp.2d 990, 996 (E.D. Mich. 2002). "*Strickland* established a two-prong test for claims of ineffective assistance of counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense." *Id.* (citing *Strickland*, 466 U.S. at 687). With respect to the first prong, "judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. The habeas court "should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. Finally, the petitioner bears the burden of overcoming the presumption that the challenged actions "might

3

be considered sound trial strategy." *Id.* at 689 (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

## 1. Inadequate Voir Dire Claim

Smith alleges that defense counsel was ineffective for failing to adequately voir dire potential jurors regarding whether they were exposed to prejudicial pretrial publicity. Smith raised this claim in his direct appeal but the Court of Appeals rejected it, stating:

> Defendant asserts that the voir dire was legally and constitutionally inadequate because the trial court and defendant's trial counsel conducted a superficial voir dire, asking only if jurors had been exposed to publicity and, if so, had they formed an opinion.
>
> Whether the trial court conducted a sufficiently probing voir dire to uncover potential juror bias is reviewed for an abuse of discretion. *People v. Tyburski*, 445 Mich. 606, 609; 518 NW2d 441 (1994). "Where the trial court, rather than the attorneys, conducts voir dire, the court abuses its discretion if it does not adequately question jurors regarding potential bias so that challenges for cause, or even peremptory challenges, can be intelligently exercised." *Id.*, at 619, citing *Fedorinchik v. Stewart*, 289 Mich. 436, 438-439; 286 NW 673 (1939).
>
> Defendant's arguments are unsupported by the record. Defense counsel asked the court before trial whether the jurors could be asked in private if they read the September 5, 2001 article in The Oakland Press, and requested that anyone who had read the article be removed for cause because the article discussed the results of a polygraph test. The trial court asked the potential jurors whether they knew anything of this case, as it had been in the paper and other media. Several potential jurors stated they had read about it in the paper, heard it on the news, and all were then asked whether they had formed an opinion such that they could not be fair and impartial. In addition, the trial court asked specifically about the September 5th Oakland Press article, contrary to defendant's argument. Defense counsel also questioned potential jurors regarding exposure to publicity.
>
> As the trial court's opinion and order denying defendant's motion for new trial states, of the five pool members who had read the article, all were eventually dismissed. Defense counsel was allowed to participate in the voir dire, and both parties were able to dismiss members who had read the article. We conclude that the trial court conducted a sufficiently probing voir dire as required by *Tyburski*, *supra*,
>
> and did not abuse its discretion by denying defendant's motion for new trial in this regard.

*People v. Smith*, No. 238005, 2003 WL 22301047, at *12 (Mich.App.Ct. Oct. 7, 2003).

Applying the *Strickland* standard, where the partiality of a particular juror is at issue, the relevant question is "did a juror swear that he could set aside any opinion he might hold and decide the case on the evidence, and should the juror's protestations of impartiality have been believed." *Patton v. Yount*, 467 U.S. 1025, 1036 (1984). Trial counsel "is granted deference when conducting voir dire." *Miller v. Webb*, 385 F.3d 666, 672 (6th Cir. 2004). Even if this Court were to find that trial counsel's failure to challenge certain jurors constituted deficient performance, Smith must still show that the jurors were actually biased against him in order to establish prejudice from his attorney's failure to strike or challenge the prospective jurors. *Johnson v. Luoma*, 425 F.3d 318, 328 (6th Cir. 2005).

"Actual bias" is "bias in fact" and focuses on the record at voir dire. *Johnson*, 425 F.3d at 326. However, "[a] juror's express doubt as to her own impartiality on voir dire does not necessarily entail a finding of actual bias." *Hughes v. United States*, 258 F.3d 453; 458 (6th Cir. 2001). "The Supreme Court has upheld the impaneling of jurors who had doubted, or disclaimed outright, their own impartiality on voir dire." *Id.* at 458. The Supreme Court has enumerated various factors to be considered in determining whether a juror has a bias that would warrant being dismissed from the jury panel. *Murphy v. Florida*, 421 U.S. 794, 800 (1975).

Case law provides that "it is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Miller v. Webb*, 385 F.3d at 673 (citing *Irvin v. Dowd*, 366 U.S. 717, 723 (1961)).

Moreover, decisions on whether to accept or strike certain jurors are matters of trial strategy.

5

*LaPine v. Renico*, No. 2:03-CV-282, 2006 WL 89862, at *3 (W.D.Mich. Jan.12, 2006). It is well-established that the courts will not second guess counsel on matters of trial strategy. *Strickland*, 466 U.S. at 690. It is an extremely rare case where a defense counsel's failure to challenge a juror may form the basis for a claim of ineffective assistance of counsel. *People v. Robinson*, 154 Mich.App. 92, 397 N.W.2d 229, 231 (Mich.Ct.App. 1986) ("Our research has found no case in Michigan where defense counsel's failure to challenge a juror or jurors has been held to be ineffective assistance of counsel. We cannot imagine a case where a court would so hold, and we do not so hold in this case."); *see also People v. Snyder*, No. 250047, 2004 WL 2072410, at *3 (Mich.Ct.App. Sept.16, 2004). "Jurors are presumed to be competent and impartial and the burden of proving otherwise is on the party seeking disqualification." *People v. Walker*, 162 Mich.App. 60, 412 N.W.2d 244, 245 (Mich.Ct.App.1987).

In this case, the Court finds that the Court of Appeals's determination is supported by the record. Before trial, defense counsel asked if the jurors could be asked in private if they read the September 5, 2001, newspaper article. Defense counsel requested that anyone who read the article be removed for cause because the article mentioned the results of a polygraph test. The trial court stated that it would ask who had read the article and, if any of those individuals who read it got in the jury box, then counsel could ask if the article caused the potential juror to have an opinion about the case. Defense counsel indicated that he was satisfied with the procedure.

The trial court then asked if any of the jurors in the pool had read or heard anything about the case. Of the nine jurors who responded, all stated that they could remain impartial. The trial court also asked if any of the potential jurors had read the September 5 article and no one responded. Of the five jurors who claimed to have read or heard about the case and were selected to be on the

6

potential jury panel, three were peremptorily dismissed by the prosecutor and two were peremptorily dismissed by defense counsel.

Against that backdrop, the Court concludes that Smith cannot establish that his attorney's performance was deficient in conducting the voir dire. The record reveals he participated in the voir dire and asked relevant questions of the potential jurors. Smith also cannot establish prejudice because none of the jurors ultimately seated in the case heard or read anything about it. He is therefore not entitled to habeas relief regarding this claim.

### 2. Failure to Object to Rebuttal Testimony Claim

Smith also claims that defense counsel was ineffective for failing to object to improper rebuttal evidence. He claims the prosecutor improperly called the Berkley police chief to rebut testimony from him that he wasn't disciplined for the Steinbrenner incident. Smith raised this claim in his direct appeal, arguing that the admission of this rebuttal testimony deprived him of due process. The Court of Appeals found that the police chief's testimony was responsive to evidence introduced by Smith and rebutted his testimony on direct examination, stating:

> Defendant also argues the prosecution was improperly permitted to call the Berkley Police Chief, Bruce Henderlight, to rebut defendant's testimony that he (defendant) was not disciplined for the Steinbrenner incident. We disagree. The Chief's testimony was responsive to evidence introduced by defendant, and rebutted defendant's testimony on direct examination; thus it was properly admitted as rebuttal. *People v. Figgures*, 451 Mich. 390, 398-399; 547 NW2d 673 (1996) ("Rebuttal evidence is admissible to 'contradict, repel, explain or disprove evidence produced by the other party and tending directly to weaken or impeach the same.'")

*Smith*, 2003 WL 22301047, at *12.

Initially, it is noted that federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68

7

(1991). "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Consequently, state court rulings on the admission of evidence are not subject to federal habeas review unless the error denied petitioner a fundamentally fair trial. *Clemmons v. Sowders*, 34 F.3d 352, 357-358 (6th Cir. 1994); *see Estelle*, 502 U.S. at 67-70. State court rulings cannot rise to the level of a due process violation unless they "offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (internal quotations and brackets omitted).

With that in mind, the Court concludes that the Court of Appeals's decision was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent. The Court of Appeals correctly found that the testimony was properly admitted. Therefore, it was not error for defense counsel to fail to make a futile objection. Smith also cannot establish that but for counsel's failure to object, there was a reasonable probability that the result of the proceeding would have been different. He is therefore also not entitled to habeas relief regarding this claim.

### 3. Failure to Request Jury Instructions Claim

Smith next claims that defense counsel was ineffective for failing to request jury instructions on the parameters of a legal search or consent. Smith raised this claim in his direct appeal but the Court of Appeals rejected it, stating:

> Defendant argues that although he denied searching the complainant in the way that she testified he did, if the jury believed her description of the search, the jury decided whether the search was criminal sexual conduct without any guidance from the court as to a police officer's right to detain, search, and the permissible scope of a search. He contends that the absence of jury instructions framing a defendant's defense constitutes a denial of due process and a fair trial.
>
> The charges against defendant arose from defendant's second search of the complainant. No wrongdoing was alleged in connection with defendant's first

8

search. Regarding the second search, the complainant testified that before starting it, defendant asked her whether she wanted a female officer present, and she declined, saying that he should "just get it over with." The complainant also testified that as he was conducting the second search, defendant would say what he was going to do next. However, the complainant did not testify, nor was there any testimony to support, that she agreed to a second search that included defendant placing his hands underneath her clothes and touching her inner thighs, breast, vaginal area and buttocks. Rather, the complainant testified that she believed she could not say no to a police officer; and both she and her boyfriend testified that she was extremely upset and crying immediately after the second "search." Under the circumstances that defendant had not established consent to the alleged search, and that consent was not the defense, it was not error for the court to fail to instruct on consent.

Defendant maintained pretrial and throughout the trial that he was innocent of any wrongdoing, i.e., that his investigation of the complainant and her boyfriend was, in all respects, routine, and that he performed only one permissible, limited search for weapons. Defense counsel's pursuit of the defense that the second search never occurred and defendant committed no wrongdoing, as opposed to a defense of consent, was a matter of trial strategy that defendant has not shown was not sound and that this Court should be reluctant to second-guess. *See People v. LaVearn*, 448 Mich. 207, 216; 528 NW2d 721 (1995); *People v. Strong*, 143 Mich. App 442, 449; 372 NW2d 335 (1985). That defense counsel's strategy failed does not in itself render his assistance ineffective. *Strong*, *supra*. Defense counsel's failure to request jury instructions on the parameters of a legal search or consent does not, under these circumstances, constitute ineffective assistance of counsel where consent was not pursued as a defense and defendant denied that any impermissible search occurred. We conclude that defendant has not shown ineffective assistance of counsel and the trial court did not abuse its discretion in denying defendant's motion for new trial in this regard.

Defendant also maintains that trial counsel should have objected to all the objectionable testimony, to the prosecutor's conduct and argument, and should have requested that the jury be instructed on the principles of the officer's right to detain and search, including his right to request a consent to search, and be correctly instructed on the use of similar-acts evidence. Defendant argues that none of counsel's errors could conceivably be considered reasonable trial strategy.

Defense counsel's strategy was to pursue a theory of defense that, if believed, would have resulted in defendant's acquittal on all three CSC counts. This was not below an objective standard of reasonableness. To the extent counsel failed to make valid objections, we conclude that the outcome would not have been affected had the objections been made.

9

*Smith*, 2003 WL 22301047, at *13.

This Court concludes that the Court of Appeals correctly noted that consent was not pursued as a defense and that Smith denied that any impermissible search occurred. The strategy was to pursue a theory of defense that, if believed, would have acquitted Smith of all three counts of CSC. The Court of Appeals correctly was reluctant to second-guess this strategy, even though it was not successful. *See*, e.g., *Moss v. Hofbauer*, 286 F.3d 851, 859 (6th Cir. 2002) (an ineffective assistance of counsel claim "cannot survive so long as the decisions of a defendant's trial counsel were reasonable, even if mistaken"). Additionally, the failure to give an instruction that is supported by the evidence does not automatically entitle a petitioner to habeas relief; the failure to instruct must have rendered the petitioner's trial fundamentally unfair. *See Maes v. Thomas*, 46 F.3d 979, 984-85 (10th Cir. 1995); *Nickerson v. Lee*, 971 F.2d 1125, 1137 (4th Cir. 1995). A failure to instruct does not deprive a petitioner of fundamental fairness when the instructions as a whole adequately present the defense theory to the jury. *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Henderson v. Kibbe*, 431 U.S. 145, 155 (1997). State law instructional errors rarely form the basis for federal habeas corpus relief. *See Estelle*, 502 U.S. at 71-72.

Under the circumstances of this case, Smith has failed to establish that the Court of Appeals's determination, that defense counsel's failure to request jury instructions on the parameters of a legal search or consent constituted reasonable trial strategy, was contrary to or an unreasonable application of clearly established Supreme Court precedent. Smith also cannot establish that but for counsel's failure to request the instructions there was a reasonable probability that the result of the proceedings would have been different, and he is therefore not entitled to habeas relief regarding this

claim.

## 4. Failure to Object to Opinion Testimony Claim

Smith claims his attorney was ineffective for failing to object to the prosecutor improperly invading the jury's province. Petitioner raised this claim as a prosecutorial misconduct claim in his direct appeal but the Court of Appeals rejected it. The Court of Appeals correctly noted that Officer Miller was not asked directly whether, if Sargent's testimony were true, it would establish criminal sexual conduct. As to Smith, the Court of Appeals accurately set forth what occurred at trial and correctly determined that the trial court's intervention and admonition cured any prejudicial effect Miller's or Petitioner's remarks may have had. Also, the trial court instructed the jury that it had the job of determining whether Smith committed the offense.

Against that backdrop, the Court finds this claim without merit. Moreover, even if Smith could show that counsel's failure to object in this regard was deficient, he cannot establish the requisite prejudice. The Court of Appeals, in addressing this claim, stated:

> On re-direct examination the prosecutor asked Miller general questions about the scope of searches and pat-downs. He was not asked directly whether, if Sargent's testimony were true, it would establish criminal sexual conduct, although he expressed this opinion. As to defendant, he denied Sargent's story was true, but agreed that if it were, there would have been criminal sexual conduct. The trial court at this point intervened, however:
>
> Q. Would you agree with me that Shannon's inner thighs, bare inner thighs being touched, her vagina being touched, bare breasts, bottom, that's criminal sexual conduct?
> A. Absolutely
>
> THE COURT: I have a problem. I'm going to be very blunt. The jury will be instructed as to the elements of what constitutes criminal sexual conduct. Mere touching does not necessarily constitute. Okay? Now, that's very precise.

> The trial court's intervention made it clear that the court would instruct the jury regarding the elements the prosecutor had to prove to establish second-degree CSC, and that mere touching did not of necessity constitute CSC. We conclude the trial court's admonition cured any prejudicial effect Miller's or defendant's remarks may have had.

*Smith*, 2003 WL 22301047, at *10.

This Court concludes that Smith is not entitled to habeas relief regarding the remainder of his ineffective assistance of counsel claims.

### B. Motion to Withdraw Attorney Frank D. Eaman

Smith's counsel, Frank D. Eaman, also filed a motion to withdraw as counsel. Mr. Eaman served as Smith's retained counsel throughout his appeal to the Michigan Court of Appeals, the Michigan Supreme Court, his petition for writ of habeas corpus, the appeal to the Sixth Circuit, and on remand to this Court. Smith's family no longer has the resources to pay him for his work, and, in fact, the family owes him money for work already performed. Smith himself has no resources to hire and pay for counsel because he is incarcerated in the Michigan Department of Corrections. Therefore, continued representation by Mr. Eaman would work an economic hardship on him.

The Court therefore grants Mr. Eaman's motion to withdraw as counsel. And, because the Court finds that an appeal in this case would be frivolous, the Court denies Smith's request for appointment of counsel.

## II. CONCLUSION

Before Smith may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

Having considered the matter, the Court concludes that Smith has failed to make a substantial showing of the denial of a constitutional right as to his remaining ineffective-assistance-of-counsel claims. A certificate of appealability is not warranted. The Court further concludes that Smith should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous. *See* Fed. R.App. P. 24(a).

Accordingly, **IT IS ORDERED** that Smith's motion to alter or amend the court's judgment under Fed.R.Civ.P. 59 (e), and for amended and additional findings under Fed.R.Civ.P. 52 (b) is **GRANTED**.

**IT IS FURTHER ORDERED** that Smith's remaining habeas claims are **DENIED**.

**IT IS FURTHER ORDERED** that Smith's motion for a new trial under Fed.R.Civ.P. 59 (a) is **DENIED**.

**IT IS FURTHER ORDERED** that Smith's motion to withdraw his attorney Frank D. Eaman is **GRANTED**. His request for appointment of new counsel is **DENIED**.

**IT IS FURTHER ORDERED** that the Court declines to issue Smith a certificate of appealability and denies him an application for leave to proceed on appeal *in forma pauperis*.

Dated: July 26, 2010

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 26, 2010, by electronic and/or ordinary mail.

S/Josephine Chaffee
Deputy Clerk

---